# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-mj-139 (GMH) |
| | ) | |
| HANAN AL SHARAF, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Hanan Al Sharaf is charged in a one-count criminal complaint with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Complaint [Dkt. 1] at 1. On March 9, 2015, the undersigned held a pretrial detention hearing following which the defendant was released on a $100,000 cash bond and placed into home confinement in the High Intensity Supervision Program ("HISP"). The Court issued an order further detailing the conditions of the defendant's release. See Release Order [Dkt. 5]. Since the detention hearing, the United States and defendant appear to have substantially cooperated with one another in recommending additional conditions of release that will ensure the defendant's appearance at future court proceedings without undue deprivation of her liberty. The defendant has filed several unopposed motions to modify the conditions of her release, all of which have been granted. See Orders Modifying Conditions of Release of April 1, 2015 [Dkt. 20], May 18, 2015 [Dkt. 23], and June 5, 2015 [Dkt. 29].

On June 1, 2015, the United States again moved to modify the condition of defendant's release to restrict Ms. Al Sharaf from "transferring, conveying, or moving within the United States or removing from the United States, without court permission, any property valued at more than $500, or funds cumulatively valued at more than $1,000 except to pay for legal

expenses or ordinary and necessary living expenses." Motion to Modify Conditions of Relief [Dkt. 27] ("Motion") at 2.  In support of its motion, the United States argues that "[t]his modification would protect assets from being dissipated or concealed so that they are available to be used in an effort to make victims whole as required by the Mandatory Victim Restitution Act, enumerated at 18 U.S.C. § 3664, and the Crime Victims' Rights Act, enumerated at 18 U.S.C. § 3771." Id.  Since the motion was filed, the parties have reached a partial agreement concerning the motion's resolution.  See Defendant's Opposition to Gov'ts Motion to Modify Conditions of Release [Dkt. 32] ("Opp.") at 2.   First, the defendant has agreed not to transfer funds valued at more than $1,000 except to pay for legal expenses or ordinary and necessary living expenses. See id.  Second, the defendant has agreed to permit a government agent to search shipping boxes containing household furnishing that she wishes to ship back to Kuwait[1] to ensure that no cash is being concealed inside.  See id.  Accordingly, given the parties' agreement, the government's motion is denied as moot with respect to its request for further restriction on the transfer of defendant's funds and for inspection of the defendant's property before it is shipped to Kuwait.

However, one request remains in dispute between the parties, i.e., the government's request that the defendant be prohibited from shipping her two automobiles back to Kuwait, or, if the defendant is permitted to ship the cars, that the defendant post, in an escrow account, the dollar equivalent value of the cars to be accessed in the event of a conviction and order of restitution.  Id. at 2-3.  The United States has valued the two cars at a total of $47,725.  Id. at 3.  The defendant opposes the government's request, and states that she does not have the money necessary to post the escrow the government demands.  Id. at 2-3.  For the reasons detailed below, this remaining request will be denied.

---

[1] The defendant's family resides in Kuwait.  Opp. at 2.

In setting conditions of release for a criminal defendant pending trial, the Bail Reform Act requires the judicial officer to consider whether any Court-ordered conditions will reasonably ensure the safety of the community and the appearance of the defendant at future proceedings. 18 U.S.C. § 3142(c). This Court is aware of no authority, in this Circuit or elsewhere, that would permit the Court to restrain the defendant's property under the Bail Reform Act for reasons other than protecting the community or ensuring the defendant's appearance in Court. The government in its motion does not argue otherwise. Rather, it seeks to support its request under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3664, and the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, both of which concern the rights of victims to restitution in criminal cases. However neither statute expressly grants the Court the authority to restrain the defendant's assets <u>prior</u> to a criminal conviction. <u>See</u> 18 U.S.C. § 3664; 18 U.S.C. § 3771. Given the defendant's presumption of innocence, the Court is wary of assuming the authority to further restrain her property pending trial in the absence of an express statutory grant to do so, especially in light of the fact that Congress has provided such an express grant to restrain assets prior to conviction in other contexts. For instance, Congress has expressly provided the Court the authority to grant a pretrial restraining order or injunction of a defendant's property where it is subject to criminal forfeiture. <u>See</u> 21 U.S.C. § 853(e).[2]

There is no allegation in the present case that the defendant's two vehicles are subject to criminal forfeiture. Forfeitable property is "any property, real or personal, involved in [the charged] offense, or any property traceable to such property." 18 U.S.C. § 982(a). Moreover, the Supreme Court has held that pretrial restraining orders on a criminal defendant's property in

---

[2] The forfeiture provision corresponding to the charge the defendant faces, 18 U.S.C. § 982, specifically incorporates some of the forfeiture provisions found in 21 U.S.C. § 853, including subsection 853(e) which allows the United States to seek a pre-conviction protective order over the defendant's assets. 18 U.S.C. § 982(a)(1), (b)(1).

the forfeiture context are permissible only where there is probable cause to believe that (1) the defendant committed an offense permitting forfeiture, and (2) the assets in dispute are traceable or otherwise sufficiently related to the crime charged.  See Kaley v. U.S., 134 S.Ct. 1090, 1092 (2014).  Had the United States been seeking to restrain the defendant's cars under the forfeiture statute, its claim would clearly fail the second prong of the Supreme Court's test – the government does not allege that the defendant's cars are derived from, or in any way connected to, the defendant's alleged criminal activity.  Indeed, it is undisputed that that the two cars were purchased before the criminal activity described in the complaint is alleged to have begun.  The Court thus does not believe that the defendant's property can be further restrained, pre-conviction, under the CVRA and MVRA, where neither statute expressly provides that authority,[3] and, even were such authority to exist, it does not believe that the government's burden would be lower under the CVRA and MVRA than its burden under the forfeiture statute.

Aside from the lack of authority for the government's request, the Court has additional concerns.  First, the Court is troubled by the government's delay in making this request.  The United States did not seek to restrain the defendant's property from the outset, thereby permitting the defendant to convert whatever ill-begotten assets she may have had if that was indeed her intent.  Second, the requested restraint on defendant's property may be onerous for the

---

[3] The government's papers cite to a single, unpublished case for the proposition that the CVRA authorizes the Court to impose conditions of release in order to protect the restitution interests of victims.  See U.S. v. Gallion, No. 07-CR-39, 2007 WL 2746657, at *5 (E.D. Ky. Sept. 19, 2007).  In Gallion, the District Court required the defendants to produce certain financial records prior to setting conditions of release, citing the need to determine appropriate bond as well as the duty to ensure crime victims' right to restitution.  Id.  But the conditions imposed in Gallion are distinguishable from the government's instant request.  The Gallion court only required disclosure of certain financial information; the court did not order any actual restraint on the defendants' property.  Additionally, the Gallion court was careful to note that requiring the production of financial information for the purpose of determining conditions of pretrial release has been held not to violate a defendant's Fifth Amendment right against self-incrimination.  See id. at *6 (citing U.S. v. Rechnitzer, No. 05-CR-368, 2007 WL 676671, at *5-6 (N.D.N.Y. Feb. 28, 2007)).  For these reasons, the Court does not read Gallion as persuasive authority for the proposition that it may restrain the defendant's assets prior to a criminal conviction.

4

defendant.  Further proceedings in this case may be delayed until May 19, 2016, while the United States waits for the State of Kuwait to respond to their legal assistance request for evidence.  See May 20, 2015, Order [Dkt. 26] (granting an exclusion of time, not to exceed one year, from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)).  Third, the United States has not identified anywhere near the amount of assets necessary to satisfy the restitution needs of the victim[4] in this case.  The complaint alleges approximately $2 million in embezzled funds while the amount recoverable on the cars totals less than $50,000.  The government's request strikes the Court as unduly burdensome on the defendant where the benefit to the victim that may result from restraint of the property would be minimal.

Finally, the defendant is presumed to be innocent until the United States proves her guilt beyond a reasonable doubt.  See Coffin v. U.S., 156 U.S. 432, 459 (1895).  As reflected in this Court's ruling at the preliminary hearing, although the United States has established probable cause justifying the charges against the defendant, its case against the defendant, at present, is not without difficulty or beyond challenge by the defense.  Accordingly, the undersigned is unwilling, at this time, to restrain the defendant's property where the property is undisputedly not derived from, nor in any way connected to, the defendant's alleged criminal activity.

An Order accompanies this Memorandum Opinion.


Date:   July 13, 2015                                     _____
                                                          G. Michael Harvey
                                                          United States Magistrate Judge

---

[4] The victim in this case is the Government of Kuwait, whose funds the defendant is accused of embezzling.  See Affidavit in Support of Complaint [Dkt. 1-1] at ¶ 6.