**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Crim. No. 1:15-MJ-139 |
| **v.** | ) |
| | ) |
| **HANAN AL SHARAF,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MOTION TO DISMISS

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully moves the Court to dismiss the criminal complaint filed in this matter against the Defendant, Hanan Al Sharaf, without prejudice, for the reasons set forth herein.

## BACKGROUND

The Defendant was charged by criminal complaint with conspiring to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h).  As alleged in the complaint, during her tenure as Finance Attaché, the Defendant, who is a Kuwaiti national, conspired with others to embezzle up to two million dollars from the Kuwait Health Office, a branch office of the Kuwait Embassy in Washington, D.C.  Following the Defendant's arrest in the United States on March 5, 2016, the State of Kuwait requested, pursuant to a mutual legal assistance request, that the United States return the Defendant to the judicial authorities in Kuwait for prosecution.  Additionally, the State of Kuwait has issued an Interpol Red Notice, stating that the Defendant is "[w]anted by the judicial authorities of Kuwait for prosecution / to serve a sentence" on the charge of "[f]raud against government[,] [f]aking documents[,] [and

1

s]usp[i]cion of money laund[e]r[ing]."[1]   Since the Defendant's arrest, the United States has both

obtained and provided assistance to the State of Kuwait in investigating the Defendant's role in

the theft of funds from the Kuwait Health Office.   If the charges are dismissed, the Defendant

has agreed to return to Kuwait, where she can face prosecution by the Kuwaiti authorities.

Docket Number 55.

## LAW

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the government may,

with leave of the Court, dismiss a criminal complaint.   The District Court should review the

motion to dismiss to ensure it is not "clearly contrary to manifest public interest."   *Rinaldi v.*

*United States*, 434 U.S. 22, 33 (1970).   The prosecutor should provide a statement of reasons and

underlying factual basis for the motion to dismiss.   *United States v. Ammidown*, 497 F.2d 615,

619-21 (D.C. Cir. 1974).   There is in this district a strong presumption in favor of dismissal

without prejudice.   *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989).   Dismissal

"without prejudice is not a toothless sanction: it forces the Government to obtain a new

indictment if it decides to prosecute, and it exposes the prosecution to dismissal on statute of

limitations grounds."   *United States v. Ferguson*, 565 F. Supp. 2d 32, 48 (D.D.C. 2008).

## REASONS TO DISMISS

The United States and the State of Kuwait both have significant and separate interests in

prosecuting the Defendant.   In conjunction with her role in conspiring to steal up to two million

dollars in government funds from the Kuwait Health Office, the Defendant is wanted in Kuwait

for fraud, forgery, and money laundering.   The Defendant is also charged by criminal complaint

in the United States with conspiracy to commit money laundering.   Both the Kuwait and United

---

[1] Interpol Red Notice, *available at* http://www.interpol.int/notice/search/wanted/2015-37341.

States' charges carry substantial prison sentences.  In addition to the money laundering conduct alleged in the United States' criminal complaint, the Kuwaiti authorities may also be able to charge the Defendant with other criminal conduct.

Kuwait government officials have advised the United States, including by a formal mutual legal assistance request that the prosecution of this case in Kuwait is of considerable public interest and is important to Kuwait's national anti-corruption policy.  The Defendant in this case is a former Kuwaiti diplomat responsible for overseeing the payment of healthcare costs incurred by Kuwaiti citizens.  As alleged in the complaint, the Defendant and others siphoned off more than $1.4 million in public funds owned by the government of Kuwait and held by the Kuwait Health Office.  She and her co-conspirators used these funds for their own private benefit, transferring funds through bank accounts opened in the names of shell companies to conceal their illicit origin.  As the victim of the theft, and as the Defendant's former employer, the State of Kuwait has a significant interest in ensuring the Defendant is prosecuted and held accountable for her offenses.  Additionally, the Defendant's role in the theft and the pending United States prosecution has been the subject of substantial media attention in Kuwait and national interest.  The United States intends to continue the prosecution in the U.S. of the co-conspirators, including those who are U.S. citizens and U.S. residents.  As a result, the United States believes the interests of justice and the United States' ongoing collaborative efforts with the State of Kuwait on this and other anti-corruption matters are best served by giving precedence to the Kuwaiti prosecution.  Therefore, the United States moves to dismiss its criminal case.

**WHERETOFORE**, the United States respectfully asks the Court to grant the motion and dismiss the criminal complaint without prejudice. In turn, the United States will work with the State of Kuwait to facilitate the Defendant's return to Kuwait to face legal action.

Date:  July 27, 2016

Respectfully submitted,

M. KENDALL DAY, CHIEF
ASSET FORFEITURE AND MONEY
   LAUNDERING SECTION

By:    _/s/ Marie Dalton_____
MARIE DALTON (CA. BAR 246606)
Trial Attorney
STEPHEN A. GIBBONS (D.C. BAR 493719)
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washington, DC  20005
Telephone:   (202) 598-2982
               (202) 598-2523
Email:       marie.dalton@usdoj.gov
               stephen.gibbons@usdoj.gov